UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/17/18

-----------------------------------------------------------X
CRAIG FRIEDMAN,
               Plaintiff,

-v-

16 **CIVIL** 3912 (JMF)

## **JUDGMENT**

ENDO INTERNATIONAL PLC, et al.,
               Defendants.
-----------------------------------------------------------X

      Defendants having moved to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), and the matter having come before the Honorable Jesse M. Furman, United States District Judge, and the Court, on January 16, 2018, having rendered its Opinion and Order stating that the Court is dismissing Plaintiffs' claims under Section 10(b) and Rule 10b-5. It follows that their claims for control person liability under Section 20(a), which depend upon the existence of a "primary violation" under Section 10(b), also fail. See, e.g., Gillis v. QRX Pharma Ltd., 197 F. Supp. 3d 557, 606 (S.D.N.Y. 2016) (dismissing a Section 20(a) claim based on the failure to adequately allege a primary violation). The Court declines to grant Plaintiffs' leave to amend, for a combination of three reasons. First, amendment here would likely be futile. Indeed, given the various grounds for the Court's decision, there is nothing to suggest that Plaintiffs would be able to state a valid claim should the Court grant them leave to amend. Second, and related, Plaintiffs have not "given any indication that [they are] in possession of facts that would cure the problems identified in this opinion." Clark v. Kitt, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014); see also Techno Marine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify... how amendment would cure the pleading deficiencies in its complaint."). Finally, in granting leave to file the third amended complaint, the Court expressly warned that Plaintiffs would not

be given another opportunity to address the issues raised in Defendants' motion to dismiss. (See Docket No. 71). See, e.g., Clark, 2014 WL 4054284, at *15 (holding that the plaintiff's failure to remedy the complaint's deficiencies identified by an earlier motion to dismiss "is alone sufficient ground to deny leave to amend"); see also, e.g., Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (affirming the district court's denial of leave to amend in part because of the previous opportunities that the plaintiff had received to amend the complaint); and directing the Clerk of Court to close this case, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated January 16, 2018, Plaintiffs' claims under Section 10(b) and Rule 10b-5 must be and are dismissed. It follows that their claims for control person liability under Section 20(a), which depend upon the existence of a "primary violation" under Section 10(b), also fail. See, e.g., Gillis v. QRX Pharma Ltd., 197 F. Supp. 3d 557, 606 (S.D.N.Y. 2016) (dismissing a Section 20(a) claim based on the failure to adequately allege a primary violation). The Court declines to grant Plaintiffs' leave to amend, for a combination of three reasons. First, amendment here would likely be futile. Indeed, given the various grounds for the Court's decision, there is nothing to suggest that Plaintiffs would be able to state a valid claim should the Court grant them leave to amend. Second, and related, Plaintiffs have not "given any indication that [they are] in possession of facts that would cure the problems identified in this opinion." Clark v. Kitt, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014); see also Techno Marine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify... how amendment would cure the pleading deficiencies in its complaint."). Finally, in granting leave to file the third amended complaint, the Court expressly warned that Plaintiffs would not be given another opportunity to address the

issues raised in Defendants' motion to dismiss. (See Docket No. 71). See, e.g., Clark, 2014 WL 4054284, at *15 (holding that the plaintiff's failure to remedy the complaint's deficiencies identified by an earlier motion to dismiss "is alone sufficient ground to deny leave to amend"); see also, e.g., Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (affirming the district court's denial of leave to amend in part because of the previous opportunities that the plaintiff had received to amend the complaint); accordingly, the case is closed.

Dated:  New York, New York
        January 17, 2018

                                                    RUBY J. KRAJICK
                                                    Clerk of Court
                BY:                   *K/Mango* (signature)
                                                      Deputy Clerk