## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CRAIG FRIEDMAN, Individually and on
Behalf of All Others Similarly Situated,

                        Plaintiff,

    vs.

ENDO INTERNATIONAL PLC, RAJIV,
KANISHKA LIYANAARCHCHIE
DE SILVA, SUKETU P. UPADHYAY and
PAUL CAMPANELLI,

                     Defendants.

16 Civ. 3912 (JMF) (JCF)

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO LEAD PLAINTIFFS' MOTION FOR RELIEF FROM THE JUDGMENT AND FOR LEAVE TO AMEND

Miles N. Ruthberg
James E. Brandt
Jeff G. Hammel
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
(212) 906-1200

*Attorneys for Defendants*

March 9, 2018

## <u>TABLE OF CONTENTS</u>

Preliminary Statement..................................................................................................1

Background ................................................................................................................2

    A.     Procedural History ..........................................................................................2

    B.     "New" Allegations In The PFAC ....................................................................3

          1.     The "Merger of Equals" Theory .................................................3

          2.     The "Disclosure Duty" Reargument .........................................4

Argument ...................................................................................................................6

I.     PLAINTIFFS DO NOT ATTEMPT TO MEET THE REQUIREMENTS OF RULES 59(E) AND 60(B) FOR RELIEF FROM THIS COURT'S JUDGMENT............6

II.    LEAVE TO AMEND UNDER RULE 15(A) SHOULD BE DENIED ............................9

    A.     The PFAC Is The Result Of Undue Delay And Failures To Cure Deficiencies By Previous Amendments, And Would Unduly Prejudice Defendants ......................................................................................................9

    B.     The PFAC Is Futile Because It Still Fails To State A Section 10(b) Claim ..........10

          1.     The PFAC Fails To Plead A Material Misstatement Or Omission............10

               a.     The PFAC Alleges No Facts Establishing A Material False Statement Or An Actionable Omission..........................................10

               b.     The Challenged Statements In The PFAC Are Still Inactionable Forward-Looking Statements, Opinions, And/Or Puffery .............................................................................13

          2.     The PFAC Fails To Plead Scienter .........................................16

    C.     The PFAC Is Futile Because It Still Fails To State A Section 20(a) Claim ..........16

Conclusion ...............................................................................................................17

i

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
  684 F.3d 36 (2d Cir. 2012)...........................................................................................7, 8

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
  493 F.3d 87 (2d Cir. 2007)...........................................................................................16

*Berman v. Morgan Keegan & Co.*,
  No. 10 Civ. 5866 (PKC), 2011 WL 2419886 (S.D.N.Y. June 3, 2011) ....................6

*Burch v. Pioneer Credit Recovery, Inc.*,
  551 F.3d 122 (2d Cir. 2008)...........................................................................................9

*In re Canandaigua Sec. Litig.*,
  944 F. Supp. 1202 (S.D.N.Y. 1996).............................................................................13

*City of Omaha v. CBS Corp.*,
  679 F.3d 64 (2d Cir. 2012)...........................................................................................13

*City of Sterling Heights Police & Fire Ret. Sys. v. Abbey Nat., PLC*,
  423 F. Supp. 2d 348 (S.D.N.Y. 2006).........................................................................14

*In re Credit Suisse-AOL Sec. Litig.*,
  465 F. Supp. 2d 34 (D. Mass. 2006) ...........................................................................13

*Dimuro v. Clinique Labs., LLC*,
  572 Fed. App'x 27 (2d Cir. 2014)..................................................................................8

*ECA, Local 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*,
  553 F.3d 187 (2d Cir. 2009).........................................................................................14

*F5 Capital v. Pappas*,
  856 F.3d 61 (2d Cir. 2017)............................................................................................8

*Fait v. Regions Fin. Corp.*,
  655 F.3d 105 (2d Cir. 2011).........................................................................................13

*Harris v. United States*,
  367 F.3d 74 (2d Cir. 2004)............................................................................................7

*Hollander v. Members of the Bd. of Regents of the Univ. of N.Y.*,
  524 Fed. Appx. 727 (2d Cir. 2013) ...............................................................................6

*Janbay v. Canadian Solar, Inc.*,
  No. 10 Civ. 4430 (RWS), 2012 WL 1080306 (S.D.N.Y. Mar. 30, 2012) ...............................16

*Liu v. Kinokuniya Co.*,
  161 F. App'x 119 (2d Cir. 2005) ..............................................................................................7

*Loreley Financing (Jersey) Ltd. V. Wells Fargo Securities, LLC*,
  797 F.3d 160 (2d Cir. 2015)......................................................................................................8

*Lucente v. Int'l Bus. Machines Corp.*,
  310 F.3d 243 (2d Cir. 2002)....................................................................................................10

*In re Nokia Oyj (Nokia Corp.) Sec. Litig.*,
  423 F. Supp. 2d 364 (S.D.N.Y. 2006)......................................................................................11

*Novak v. Kasaks*,
  216 F.3d 300 (2d Cir. 2000).....................................................................................................16

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
  135 S. Ct. 1318 (2015) .............................................................................................................14

*Patel v. Lutheran Med. Ctr. Inc.*,
  775 F. Supp. 592 (E.D.N.Y. 1991) ............................................................................................7

*Pehlivian v. China Gerui Adv. Materials Cgp. Ltd.*,
  153 F. Supp. 3d 628 (S.D.N.Y. 2015)........................................................................................5

*Reich v. Lopez*,
  No. 13-CV-5307 (JPO), 2015 WL 5999661 (S.D.N.Y. Oct. 9, 2015)....................................12

*Rivero v. INTL FCStone Inc.*,
  No. 14 Civ. 3879 (PAC), 2015 WL 6128707 (S.D.N.Y. Oct. 19, 2015)................................10

*Ruotolo v. City of New York*,
  514 F.3d 184 (2d Cir. 2008)......................................................................................................6

*In re Salomon Analyst Winstar Litig.*,
  No. 02 Civ. 6171 (GEL), 2006 WL 510526 (S.D.N.Y. Feb. 28, 2006)..................................10

*Sampson v. Robinson*,
  No. 07 Civ. 6890 (PAC), 2008 WL 4779079 (S.D.N.Y. Oct. 31, 2008)..................................8

*San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos.*,
  75 F.3d 801 (2d Cir. 1996)...........................................................................................5, 11, 12

*In re Sanofi Sec. Litig.*,
  87 F. Supp. 3d 510 (S.D.N.Y. 2015), *aff'd sub nom. Tongue,* 816 F.3d (2d Cir.
  2016) .......................................................................................................................................15

*Schaffer v. Horizon Pharma Plc,*
   16-CV-1763 (JMF), 2016 WL 3566238 (S.D.N.Y. June 27, 2016) ..........................................7

*Scott v. Gen. Motors Co.,*
   605 F. App'x 52 (2d Cir. 2015) ......................................................................................13

*Singh v Schikan,*
   14 Civ. 5450 (NRB), 2015 WL 4111344 (S.D.N.Y. June 25, 2015) ......................................9

*SOHC, Inc. v. Zentis Food. Sols. N. Am., LLC,*
   No. 14-CV-2270 (JMF), 2014 WL 6603951 (S.D.N.Y. Nov. 20, 2014) ..................................6

*State Trading Corp. of India v. Assuranceforeningen Skuld,*
   921 F.2d 409 (2d Cir. 1990) ......................................................................................9, 10

*In re Time Warner Inc. Sec. Litig.,*
   9 F.3d 259 (2d Cir. 1992) ...............................................................................................5

*Tongue v. Sanofi,*
   816 F.3d 199 (2d Cir. 2016) ..........................................................................................14

*Willis v. Big Lots, Inc.,*
   2016 WL 8199124 (S.D. Ohio Jan. 21, 2016) ...................................................................13

*Zerman v. E.F. Hutton & Co.,*
   628 F. Supp. 1509 (S.D.N.Y. 1986) ................................................................................12

## STATUTES

15 U.S.C. § 78u-5(i)(1) ..............................................................................................15

15 U.S.C. § 78u-5(c) ................................................................................................15

Defendants Endo International plc ("Endo"), Rajiv Kanishka Liyanaarchchie De Silva, Suketu Upadhyay, and Paul Campanelli submit this memorandum of law in opposition to plaintiffs' motion for relief from the judgment and for leave to amend.

## Preliminary Statement

This Court dismissed plaintiffs' Third Amended Complaint ("TAC") in its entirety. (Dkt. No. 87 (the "Order").) The Order also denied plaintiffs a fourth opportunity to amend because they filed the TAC *after* defendants moved to dismiss plaintiffs' Second Amended Complaint ("SAC"), *after* the Court warned plaintiffs that no further amendments would be allowed, and because plaintiffs failed to identify any basis on which they could amend to state a claim. (Order at 16-17.) The Court "close[d]" the case (*id.*) and judgment was entered. (Dkt. No. 88.)

Plaintiffs now seek to re-open this case by altering the judgment to allow them to file a proposed *fourth* amended complaint ("PFAC"). Plaintiffs' motion should be denied.

*First*, before plaintiffs can file a motion to amend their complaint under Rule 15(a), they must first obtain "extraordinary" relief under Rule 59(e) or 60(b) to alter the Court's judgment. Plaintiffs make no effort to satisfy their "heavy burden" under these rules, and, in any event, the rules do not permit what plaintiffs try to do here—re-hash rejected theories of liability with allegations that could have been made long ago.

*Second*, even if the Court were to consider a motion to amend under Rule 15(a)—which it should not—that motion should be denied as unduly delayed and futile. In drafting the PFAC, plaintiffs merely combed through Endo's old SEC filings and other public documents to pull out different snippets to challenge as false. But they offer no explanation for waiting so long to do so, and, regardless, they still do not adequately allege that any statement is false. Nor do they

correct the defective scienter allegations in the TAC.  The PFAC states no claim and is therefore futile.

This case is over.  Plaintiffs had many opportunities over more than a year to state a claim before it ended.  They are entitled to nothing more.

## Background

### A.   Procedural History

The initial complaint was filed on May 25, 2016.  (Dkt. No. 1.)  On September 27, 2016, plaintiffs filed the First Amended Complaint ("FAC").  (Dkt. No. 59.)  On October 5, 2016, plaintiffs filed the SAC.  (Dkt. No. 63.)  On October 26, 2016, defendants moved to dismiss the SAC.  (Dkt. No. 68.)  The next day, October 27, 2016, the Court provided plaintiffs the option of opposing the motion to dismiss or filing a third amended complaint, expressly cautioning that plaintiffs "will not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss."  (Dkt. No. 71.)

On November 16, 2016, plaintiffs filed the TAC.  (Dkt. No. 72.)  On December 14, 2016, defendants moved to dismiss the TAC, also arguing that "[n]o additional leave to amend should be permitted."  (Dkt. No. 79, at 23-24.)  Plaintiffs opposed that motion, tacking onto the end of their brief a footnote "request[ing] leave to amend" if the Court dismissed the TAC, but offering no indication of what new allegations they might make.  (Dkt. No. 82 at 25 n.17; Pl. Br. at 4 n.4.)

On January 16, 2018, this Court dismissed the TAC in its entirety and denied leave to amend.  (Order at 16-18.)  The Court rejected plaintiffs' "perfunctor[y] request in a footnote," reasoning that:  (i) "amendment here would likely be futile" because, "given the various grounds for the Court's decision, there is nothing to suggest that Plaintiffs would be able to state a valid claim"; (ii) "Plaintiffs have not 'given any indication that [they are] in possession of facts that

2

would cure the problems identified in this opinion'"; and (iii) "in granting leave to file the third amended complaint, the Court expressly warned that Plaintiffs would not be given another opportunity to address the issues raised in Defendants' motion to dismiss." (*Id.* (citations omitted).)  The Court ordered the Clerk of the Court "to close this case." (*Id.* at 17.)  On January 17, 2018, the Clerk entered judgment.  (Dkt. No. 88.)

Plaintiffs now move for relief from this Court's judgment to allow them to file the PFAC.

**B.**      **"New" Allegations In The PFAC**

The alleged factual background is set forth in the Order and is not repeated here.  (Order at 1-4.)  The PFAC abandons two of the TAC's three theories of liability (based on a so-called "acquisition spree" and "improper sales practices") and instead "seek[s] to replead only those allegations relating to Endo's acquisition of Par Pharmaceutical Holdings Inc. ('Par')."  (Pl. Br. at 1.)  Plaintiffs describe their revised claim as "twofold":  that defendants misrepresented "that Par and Qualitest would operate together as equals," and that defendants "had an affirmative disclosure obligation to apprise investors of the radical changes" at Qualitest.  (*Id.* at 2-3.)

**1.**      **The "Merger of Equals" Theory**

Plaintiffs' "merger of equals" theory is based on their addition to the PFAC of snippets of documents publicly available since 2015.  (PFAC ¶¶ 43-67.)[1]  They cite "headings" from a PowerPoint presentation using the term "Endo + Par," the words "very complementary businesses," "maintain the magic," "combining the two companies" and "[v]ery, very few overlaps" to argue that defendants conveyed to the market that the transaction would be a "merger of equals."  (¶ 43 (heading); ¶¶ 45-47; ¶ 49; ¶ 62; Pl. Br. at 2-3.)   Plaintiffs cite no

---

[1]      Most of the documents on which plaintiffs' "merger of equals" theory is based have been available on Endo's investor relations website at http://investor.endo.com/events-and-presentations since they were issued in 2015.  Other documents, such as analyst reports and call transcripts, are accessible through various news and investment data aggregation services.

instance in which any defendant used the phrase "merger of equals" or in which they stated that either Par or Qualitest would be unchanged or somehow remain "equal" in unspecified ways. Nor could they.  As this Court held in dismissing the TAC:

> [A]s plaintiffs themselves acknowledge, Endo accurately characterized the acquisition of Par as 'transformational,' (Compl. ¶¶ 125, 157), and as a chance to 'reposition Qualitest,' (Compl. ¶ 182), thereby clearly signaling that changes to Qualitest were likely to occur (as most, if not all, reasonable investors would plainly have anticipated).

(Order at 14.)  Notably, the PFAC seeks to delete the "accurate[]" disclosure that the Par acquisition would "reposition Qualitest."  (Pl. Br. Ex. B, at 91 (deleting TAC ¶182).)[2]

## 2.    The "Disclosure Duty" Reargument

Plaintiffs' theory that Endo was required to, but did not, disclose "radical changes" at Qualitest seeks to relitigate several issues that this Court has already decided.  In an effort to allege such changes, the PFAC, like the TAC, cites the termination of employees and changes to pricing and customer policies following the Par acquisition, and adds the termination of "sales staff."  (PFAC ¶¶ 69-83, 159).  The PFAC, like the TAC, contends that the "truth" was revealed by defendant Paul Campanelli during a May 5, 2016 earnings conference call when, "[f]or the first time, Campanelli admitted that the Par acquisition involved changing the 'operating model' of the legacy business."  (*Compare* TAC ¶ 215 *with* PFAC ¶ 201.)  The Court has rejected all of

---

[2]    In addition, several snippets plaintiffs cite are taken out-of-context and omit important text.  For example, in citing the statement by Endo's former CEO that Par and Qualitest were "very complementary" with "very, very few overlaps" (PFAC ¶ 46), plaintiffs omit the analyst question to which that statement responded:  "do you foresee any *FTC issues* in closing the transaction given Endo's—particularly given Endo's presence in controlled substances?" (Hammel Decl. Ex. 1, at 9 (emphasis added).)  This answer to a question about "FTC issues" has nothing to do with a "merger of equals" or changes at Qualitest.

Similarly, plaintiffs cite the statement that Endo intended to "maintain the magic that both Par and Qualitest had created" but omit that it was said in response to a question about "how the *Par* asset might be managed differently" by Endo.  (Ex. 1, at 15 (emphasis added).) This, too, has nothing do with plaintiffs' allegations about "equals" or with changes at Qualitest.

this before.  As noted above, it already found that, far from being "radical," Endo disclosed that

such "changes to Qualitest were likely to occur (as most, if not all, reasonable investors would

plainly have anticipated)."  (Order at 14.)  The Court also rejected the notion that Mr.

Campanelli's statement revealed any such thing.  The Order explains that it, "[a]t most,

reflect[ed] Campanelli's recognition, in hindsight, that the integration of Par and [Qualitest] was

not as seamless as defendants had perhaps expected." (Order at 11-12.)  Plaintiffs ignore these

holdings.

In addition, plaintiffs seek to reargue whether Endo had a duty to disclose changes at

Qualitest—an argument this Court has also rejected.  Citing "well established" law, the Order

explained that because Endo had never "'hyped' a specific business plan regarding Qualitest to

the exclusion of others" it had no duty to disclose the alleged changes at Qualitest.  (Order at

14.)[3]  Plaintiffs now argue that the Court misapplied that law and offers "Item 303 of Regulation

S-K, 17 C.F.R. § 229.303" as an additional disclosure requirement.  (Pl. Br. at 10.)  Item 303 is

not new authority—it dates back to *1982*.  *See* 47 Fed. Reg. 11,380, 1982 WL 126544 (Mar. 16,

1982) (codified at 17 C.F.R. § 229.303).  Plaintiffs did not cite Item 303 in any earlier complaint

and it does not help them anyway, as discussed below.

None of these revised allegations provides a basis for altering this Court's judgment.

---

[3]     The Court cited *San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 810 (2d Cir. 1996), *In re Time Warner Inc. Sec. Litig.*, 9 F.3d 259, 268 (2d Cir. 1992), and *Pehlivian v. China Gerui Adv. Materials Cgp. Ltd.*, 153 F. Supp. 3d 628, 651 (S.D.N.Y. 2015).

### Argument

**I.    PLAINTIFFS DO NOT ATTEMPT TO MEET THE REQUIREMENTS OF RULES 59(E) AND 60(B) FOR RELIEF FROM THIS COURT'S JUDGMENT**

Plaintiffs' brief focuses on Rule 15(a) and its phrase that leave to amend should be "freely grant[ed]" to argue that "the burden is on" defendants to establish that their motion should be denied.  (Pl. Br. at 6.)  Plaintiffs fundamentally misunderstand the nature of their motion.

It is black-letter law that "[a] party seeking to file an amended complaint post[-]judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).  As this Court has explained, the rules governing post-judgment motions "are meant to ensure finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."  *SOHC, Inc. v. Zentis Food. Sols. N. Am., LLC*, No. 14-CV-2270 (JMF), 2014 WL 6603951, at *1 (S.D.N.Y. Nov. 20, 2014) (Furman, J.).

The relief plaintiffs seek on this motion is "extraordinary" and their burden is "heavy." "A court may grant a Rule 59(e) motion only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Hollander v. Members of the Bd. of Regents of the Univ. of N.Y.*, 524 Fed. Appx. 727, 729 (2d Cir. 2013).  "The standards for granting a motion to reconsider under Rule 59(e) are strict:  reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Berman v. Morgan Keegan & Co.*, No. 10 Civ. 5866 (PKC), 2011 WL 2419886, at *1 (S.D.N.Y. June 3, 2011) (internal quotations and alteration omitted).  As this Court has also explained, Rule 59 "is not a vehicle for relitigating old issues,

6

presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Schaffer v. Horizon Pharma Plc*, 16-CV-1763 (JMF), 2016 WL 3566238, at *1 (S.D.N.Y. June 27, 2016) (Furman, J.) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shaffer*, 2016 WL 3566238, at *1.

Similarly, "[a] Rule 60(b) motion is granted only upon a showing of exceptional circumstances, and cannot be used to relitigate the merits." *Liu v. Kinokuniya Co.*, 161 F. App'x 119, 119 (2d Cir. 2005). Plaintiffs rely only on Rule 60(b) subsection (6) (Pl. Br. at 1, 5)—the last of six potential grounds for relief set forth in the rule—which permits relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Second Circuit law is clear, however, that this subsection of Rule 60(b), "despite its open wording, has been narrowly cabined by the precedent of this Court" and may be invoked only in cases involving "'extraordinary circumstances,' or 'extreme hardship.'" *Harris v. United States*, 367 F.3d 74, 80-81 (2d Cir. 2004) (citations omitted).

The Rule 59(e) and 60(b)(6) requirements are not met here. Plaintiffs cite those rules in passing (Pl. Br. at 1, 5), but do not acknowledge *any* of their requirements or explain how they are met here. Nor could they. Plaintiffs' motion cites no "change in controlling law," no "clear error," no "manifest injustice," and no "extraordinary circumstances or extreme hardship." Their added allegations based on 2015 public documents and Item 303 are not "new" evidence or authority warranting relief. *See Patel v. Lutheran Med. Ctr. Inc.*, 775 F. Supp. 592, 596 (E.D.N.Y. 1991) ("Under Rules 59(e) and 60(b)(2) evidence which was in the possession of [a] party before the judgment was rendered . . . is not newly discovered and does not entitle him to

7

relief.") (internal quotations omitted).[4]  Plaintiffs' rehashing of this Court's application of Second Circuit law concerning disclosure duties is precisely the type of relitigation of settled issues that Rules 59(e) and 60(b) forbid.  *See Analytical Surveys*, 684 F.3d at 52.  Plaintiffs' motion can, and should, be denied for failure to satisfy Rules 59(e) and 60(b).  *See, e.g.*, *Sampson v. Robinson*, No. 07 Civ. 6890 (PAC), 2008 WL 4779079, at *2 (S.D.N.Y. Oct. 31, 2008) (denying post-judgment motion to amend complaint because "the Court ruled on Plaintiff's case after a full review of Plaintiff's arguments").

Plaintiffs cannot avoid this result through a rhetorical appeal to "the 'liberal spirit' of Rule 15" and a mistaken assertion that "Second Circuit precedent weigh[s] strongly in favor of affording Plaintiffs an opportunity to submit a post-decision amended complaint," citing *Loreley Financing (Jersey) Ltd. V. Wells Fargo Securities, LLC*, 797 F.3d 160, 191 (2d Cir. 2015).  (Pl. Br. at 8.)  As explained above, Rule 15 does not govern this motion—Rules 59(e) and 60(b) do.  Moreover, the Second Circuit does not "favor" amendment in this situation.  On the contrary, the Second Circuit in *F5 Capital v. Pappas*, 856 F.3d 61 (2d Cir. 2017), expressly distinguished *Loreley* (which involved a pre-motion procedure not relevant here), and affirmed a denial of leave to amend where, as here, plaintiffs were provided an opportunity to amend their complaint after defendants moved to dismiss and plaintiffs merely sought leave in "a footnote in its opposition to the motion to dismiss."  *Id.* at 89-90; *see also Dimuro v. Clinique Labs., LLC*, 572 Fed. App'x 27, 33 (2d Cir. 2014) (plaintiffs "are not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies") (citation omitted).  Courts routinely deny post-judgment motions to amend in this

---

[4]     The PFAC adds allegations from another former employee ("FE7") (PFAC ¶ 22), but offers no explanation for why plaintiffs could not have cited FE7 earlier.  In any case, nothing FE7 alleges salvages a claim, as discussed below.

circumstance.  *See, e.g.*, *Singh v Schikan*, 14 Civ. 5450 (NRB), 2015 WL 4111344, at \*3 (S.D.N.Y. June 25, 2015) ("In essence, while plaintiffs are correct that leave to amend or replead a complaint shall be 'freely given' under Rule 15(a), that is not the case when, as here, the leave to amend is sought post judgment and plaintiffs have had sufficient opportunity before judgment to seek repleading.").  The same result is warranted here.

Plaintiffs have presented no basis to re-open this case or for relief from judgment.

## II.      LEAVE TO AMEND UNDER RULE 15(A) SHOULD BE DENIED

For the reasons explained above, Rule 15(a) does not apply to plaintiffs' motion.  Even if it did apply, however, plaintiffs are not entitled to amend a fourth time.  It is well-settled that "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citation omitted).  "When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion [under Rule 15(a)] more exactingly."  *State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990).  Further amendment should be denied here.

### A.      The PFAC Is the Result Of Undue Delay And Failures To Cure Deficiencies By Previous Amendments, And Would Unduly Prejudice Defendants

Plaintiffs offer no explanation, and there is none, for their failure to plead the proposed new allegations in the PFAC in any of their three prior amended complaints.

Plaintiffs' PFAC would add various allegations based on public documents and FE7—yet plaintiffs never assert that these materials were unavailable in 2015 (when this case was filed) or in 2016 (when they filed their FAC, SAC and, after defendants moved to dismiss the SAC, the

9

TAC).  This sort of "wait-and-see" approach to pleading has been roundly rejected.  *See State Trading Corp.*, 921 F.2d at 418 (finding it "not unreasonable to impute lack of good faith" to plaintiff that waited 19 months before seeking to amend); *In re Salomon Analyst Winstar Litig.*, No. 02 Civ. 6171 (GEL), 2006 WL 510526, at *6 (S.D.N.Y. Feb. 28, 2006) ("In light of the fact that plaintiffs have long been on notice of the deficiencies in their pleadings, and that they delayed submission of the proposed amendment until after judgment and without any reasonable explanation for the delay, the Court finds it inappropriate to allow leave to amend.").

Defendants have already filed two motions to dismiss.  If the PFAC is permitted, defendants will file a third.  Enough is enough.  Forcing defendants to brief and the Court to decide multiple motions to dismiss on the same issues is "a colossal waste of judicial resources." *Rivero v. INTL FCStone Inc.*, No. 14 Civ. 3879 (PAC), 2015 WL 6128707, at *3 (S.D.N.Y. Oct. 19, 2015).  Leave should be denied for these reasons alone.

### B.      The PFAC Is Futile Because It Still Fails To State A Section 10(b) Claim

Leave should also be denied because the PFAC is futile.  "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  The heightened PSLRA and Rule 9(b) pleading standards applicable to this case are set forth in the Court's Order (at 4-6) and in defendants' motion to dismiss the TAC.  (Dkt. No. 79 at 5-7.)

### 1.      The PFAC Fails to Plead A Material Misstatement Or Omission

#### a.      The PFAC Alleges No Facts Establishing A Material False Statement Or An Actionable Omission

Plaintiffs' revised "twofold claim" fails as a matter of law.  Their first theory, that defendants falsely represented "that Qualitest and Par would operate together as equals," fails primarily because no defendant ever said such a thing.  Plaintiffs quote phrases like "Endo +

Par" "very complementary," and "very, very few overlaps" (PFAC ¶¶ 46, 49) and then characterize them as somehow "reinforc[ing] the message" that the transaction would be "a combination of equals" and "communicat[ing]" that "Defendants intended to operate Qualitest and Par side-by-side."  (PFAC ¶¶ 49, 111.)  But those are *plaintiffs'* words—not defendants' words.  Defendants' actual words say nothing about the manner in which Par and Qualitest would be integrated or whether they would be "equals."  As noted above, plaintiffs take these snippets dramatically out-of-context to try to state a claim, but such "selective[] edit[ing]" does not state a claim.  *In re Nokia Oyj (Nokia Corp.) Sec. Litig.*, 423 F. Supp. 2d 364, 396 (S.D.N.Y. 2006).  Moreover, this Court already held that "Plaintiffs themselves acknowledge[] [that] Endo accurately characterized the acquisition of Par as 'transformational,' and as a chance to 'reposition Qualitest,' thereby clearly signaling that changes at Qualitest were likely to occur (as most, if not all, reasonable investors would plainly have anticipated)."  (Order at 14.)  None of the new allegations alters this conclusion—nor does plaintiffs' attempt to delete Endo's "accurate[]" disclosure, on which this Court relied, that the acquisition would "reposition Qualitest."  (Pl. Br. Ex. B, at 91.)  Plaintiffs also establish no false statement because nothing Endo is alleged to have said is inconsistent with a change in Qualitest's pricing or customer strategies or with certain employees losing their jobs.  *See San Leandro,* 75 F.3d at 812 (affirming dismissal where "Plaintiffs allege no facts demonstrating that during the class period Philip Morris was doing anything but pursuing a strategy" consistent with its public statements).  Plaintiffs' "merger of equals" theory is futile.

The PFAC is also futile because plaintiffs' second theory—that defendants breached their "obligation to apprise investors of the radical changes" at Qualitest—fails as a matter of law.  Here again, the words "radical change" come from plaintiffs—defendants never used those

11

words.  And the facts do not support them—as this Court already held, there was nothing

"radical" about the changes plaintiffs allege, such as changes in pricing, customers and employee

terminations, because "most, if not all, reasonable investors would plainly have anticipated"

them.  (Order at 14.)  FE7's assertions about the termination of a sales contract and the departure

of two Qualitest employees (PFAC ¶¶ 75, 76) adds nothing of substance to plaintiffs' earlier

allegations and does not salvage a claim.  *Reich v. Lopez*, No. 13-CV-5307 (JPO), 2015 WL

5999661, at *1 (S.D.N.Y. Oct. 9, 2015) (denying leave to amend because plaintiff's "underlying

theory itself—already deemed insufficient—is substantively unchanged"); *Zerman v. E.F.*

*Hutton & Co.*, 628 F. Supp. 1509, 1511 (S.D.N.Y. 1986) (denying leave to amend where

"amended complaint [was] filled with verbose, repetitive and rambling language" but was "little

more than a rehash of the allegations in the original complaint which were previously rejected").[5]

In any case, even if these allegations did establish some sort of "radical change" at

Qualitest—which they do not—this Court has already held it is "well established that a company

has no such duty to disclose changes to its business plans—unless the company had 'hyped' a

specific plan, thereby inducing investors to believe that alternative[] [plans] were excluded."

(Order at 14 (quotation omitted) (brackets in Order).)  No such "hype" is alleged here.  (*Id.*)  In

their motion, plaintiffs try to reargue this issue, asserting that this Court was wrong on the law.

(Pl. Br. at 11.)  Such reargument is inappropriate on a post-judgment motion, and in any event

plaintiffs are incorrect.  The Second Circuit in *San Leandro* squarely held that there is no general

duty to disclose changed business plans unless one plan was "hyped" to the exclusion of all

others.  *See* 75 F.3d at 810.  Searching about for some other disclosure duty, plaintiffs offer Item

---

[5]     Plaintiffs add a handful of new allegations from previously pled former employees
(PFAC ¶¶ 70-83), but do not explain either why they could not plead these allegations sooner or
how these allegations establish changes at Qualitest inconsistent with the "transformational"
change or "reposition[ing]" of Qualitest that Endo disclosed, as this Court found.  (Order at 14).

303 of SEC Regulation S-K.  This does not help them.  Item 303 does not impose an obligation to disclose specific business practices.  *See, e.g. Scott v. Gen. Motors Co.*, 605 F. App'x 52 (2d Cir. 2015) (Item 303 did not require disclosure of practice of recording revenue from sales to car dealers even though cars remained unsold on dealer lots); *In re Canandaigua Sec. Litig.*, 944 F. Supp. 1202, 1210 (S.D.N.Y. 1996) (Item 303 did not require disclosure of new pricing strategy). "It is inherently absurd to impose on companies in highly competitive, consumer-based industries an affirmative duty to disclose to competitors sensitive pricing and marketing decisions" and "[i]t would defy reason" to hold that Item 303 requires such disclosures. *Canandaigua*, 944 F. Supp. at 1211.   Plaintiffs offer no contrary authority.[6]

> **b.    The Challenged Statements In The PFAC Are Still Inactionable Forward-Looking Statements, Opinions, And/Or Puffery**

In dismissing the TAC, the Court held that "[m]ost, if not all, of the statements" plaintiffs challenged as false "qualif[ied] as expressions of opinion or expectation."  (Order at 11.)  The same is true of the PFAC.  The alleged misstatements in the PFAC are still inactionable as opinions, and because they constitute "puffery" and "forward-looking statements."

**Opinions.**  It is well-settled that, in order to be actionable, expressions of opinion must be both objectively false (factually incorrect) and subjectively false (the speaker did not actually believe the opinion).  *See Fait v. Regions Fin. Corp.*, 655 F.3d 105, 110 (2d Cir. 2011); *City of*

---

[6]    In opposing the motion to dismiss the TAC, plaintiffs relied on an out-of-circuit case they characterized as "on all fours" with this case and requiring disclosure of the alleged Qualitest changes.  (Dkt. No. 82 at 13.)  That case was entirely irrelevant.  (Dkt. No. 85 at 6.)  Plaintiffs now abandon it and come up with two other out-of-circuit cases which are just as inapposite.  *See* Pl. Br. at p. 14 (citing *Willis v. Big Lots, Inc.*, 2016 WL 8199124 (S.D. Ohio Jan. 21, 2016); *In re Credit Suisse-AOL Sec. Litig.*, 465 F. Supp. 2d 34 (D. Mass. 2006)).  Both of these cases, unlike this case, involve allegations of specific facts establishing that defendants had information contradicting public statements.  *See Big Lots*, 2016 WL 8199124, at *17; *Credit Suisse*, 465 F. Supp. 2d at 41.  No such allegations are made here.

13

*Omaha v. CBS Corp.*, 679 F.3d 64, 67-68 (2d Cir. 2012) (applying *Fait*'s reasoning to Section 10(b) claims).  In certain circumstances, a material omission can also render opinions misleading.  *Tongue v. Sanofi*, 816 F.3d 199, 209-210 (2d Cir. 2016) (citing *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1332 (2015)).  As this Court explained, "'[t]he core inquiry' . . . 'is whether the omitted facts would 'conflict with what a reasonable investor would take from the statement itself.'"  (Order at 12 (citation omitted).)  Here, statements of opinion challenged in the PFAC include:  "Together, I believe the combination of Endo's [g]eneric business and Par creates a powerful generic product and R&D engine with a wide range of fast growing, high barrier-to-entry and market-leading product opportunities." (PFAC at ¶ 108); and "We believe that commodity products face pressure, while specialty products present some strategic pricing opportunities, depending on market conditions." (PFAC at ¶ 165).  Plaintiffs make no attempt to show that any of these opinions was both objectively and subjectively false or otherwise misleading.  Inactionable opinions are listed in Exhibit 2.

**Puffery.**  It is also well-settled that "puffery," or general statements of corporate optimism, are not actionable because they are "too general to cause a reasonable investor to rely on them."  *ECA, Local 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 206 (2d Cir. 2009).  Numerous statements challenged in the TAC are quintessential puffery.  For example:  "Qualitest is well positioned for continued growth . . . ." (PFAC at ¶ 107); and "The addition of Par strategically expands our product portfolio, R&D pipeline capabilities and long-term growth drivers."  Each of these statements is inactionable puffery.  *See, e.g. City of Sterling Heights Police & Fire Ret. Sys. v. Abbey Nat., PLC*, 423 F. Supp. 2d 348, 357 (S.D.N.Y. 2006) (statement that "[Defendant] 'is in better shape than ever' and

14

project[s] a 'strong track record of double digit profit growth'" is inactionable corporate

optimism).  The puffery statements are set forth in Exhibit 3.

**Forward-Looking Statements**.  It is black-letter law under the PSLRA "safe harbor"

that forward-looking statements, such as "plans and objectives of management for future

operations" and "future economic performance," 15 U.S.C. § 78u-5(i)(1), are immunized from

liability under certain circumstances.  The circumstances are:  if (i) the forward-looking

statement "is identified and accompanied by meaningful cautionary language," (ii) the forward

looking statement "is immaterial," or (iii) "the plaintiff fails to prove that [the forward-looking

statement] was made with actual knowledge that it was false or misleading."  *In re Sanofi Sec.*

*Litig.*, 87 F. Supp. 3d 510, 529 (S.D.N.Y. 2015) (internal quotation omitted), *aff'd sub nom.*

*Tongue,* 816 F.3d at 199 (2d Cir. 2016); 15 U.S.C. § 78u-5(c).  A forward-looking statement is

protected by the safe harbor if any of the three prongs applies.  *See In re Sanofi*, 87 F. Supp. 3d

at 530.

Here, many of the challenged statements are forward-looking statements.  For instance:

"Our anticipated operational and tax synergies are projected to be approximately $175 million

. . . ." (PFAC at ¶ 109); and "[W]e remain excited by the strategic expansion of our product

portfolio, R&D pipeline and long-term growth profile that the Par assets and Par talent joining

Endo are expected to help provide." (PFAC at ¶ 129).  The PFAC contains no allegations

rendering any of these statements actionable.  In addition to being protected by meaningful

cautionary language, the PFAC contains no suggestion of "actual knowledge" that any of these

statements was false when made—a scienter requirement "stricter than for statements of current

fact."  *See In re Sanofi*, 87 F. Supp. 3d at 530 (internal quotation omitted).  The inactionable

forward-looking statements and accompanying cautionary language are set forth in Exhibit 4.

### 2.   The PFAC Fails To Plead Scienter

This Court's Order did not reach the issue of scienter.  Plaintiffs do not alter their scienter allegations in the PFAC and their motion does not mention scienter at all.  The pleading standards applicable to scienter allegations and the reasons why the TAC's (and PFAC's unchanged) scienter allegations are inadequate are set forth in defendants' motion to dismiss the TAC and incorporated here by reference.  (Dkt. No. 79 at 18-23; Dkt. No. 85 at 7-10.)

To the extent that plaintiffs try to connect scienter to their new emphasis on an estimated "$175 million in operational and tax synergies" from the Par acquisition, and statements that Endo was "nearly done planning for the integration of Par" approximately a month-and-a-half before the acquisition closed (Pl. Br. at 13-14), that effort is misguided.  These broad statements do not contradict any other statements—much less show an intention to defraud investors.  Where, as here, "plaintiffs contend defendants had access to contrary facts, they must specifically identify the reports or statements containing this information."  *Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000); *accord Janbay v. Canadian Solar, Inc.*, No. 10 Civ. 4430 (RWS), 2012 WL 1080306, at *11 (S.D.N.Y. Mar. 30, 2012) (plaintiffs "must detail specific contemporaneous data or information known to the defendants that was inconsistent with the representation in question") (internal quotation omitted).  Plaintiffs make no such allegations.

### C.   The PFAC Is Futile Because It Still Fails To State A Section 20(a) Claim

Because the PFAC fails to state a claim under Section 10(b), it also fails to state a claim and is futile as to Section 20(a).  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007).

## **Conclusion**

Plaintiffs have provided no basis for relief from the judgment under Rules 59(e) and

60(b), and, in any event, amendment is untimely and would be futile under Rule 15(a).

Plaintiffs' motion should be denied.

Dated:  New York, New York
         March 9, 2018

                              Respectfully submitted,

                              LATHAM & WATKINS LLP

                              By:  /s/ Jeff G. Hammel
                                   Miles N. Ruthberg
                                   James E. Brandt
                                   Jeff G. Hammel

                                   885 Third Avenue
                                   New York, New York 10022
                                   (212) 906-1200
                                   miles.ruthberg@lw.com
                                   james.brandt@lw.com
                                   jeff.hammel@lw.com

                                   *Attorneys for Defendants Endo*
                                   *International PLC, Rajiv Kanishka*
                                   *Liyanaarchchie De Silva, Suketu P.*
                                   *Upadhyay and Paul Campanelli*

17