```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/27/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
CRAIG FRIEDMAN, :
:
                         Plaintiff, :      16-CV-3912 (JMF)
:
              -v- :      MEMORANDUM OPINION
:      AND ORDER
ENDO INTERNATIONAL PLC, et al., :
:
                       Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      By Opinion and Order entered January 16, 2018, familiarity with which is assumed, the Court granted Defendants' motion to dismiss Plaintiffs' Third Amended Complaint in its entirety. *See Friedman v. Endo Int'l PLC*, No. 16-CV-3912 (JMF), 2018 WL 446189, at *1 (S.D.N.Y. Jan. 16, 2018) (Docket No. 87). The following day, the Clerk of Court entered judgment in Defendants' favor and closed the case. (Docket No. 88). Plaintiffs now move, pursuant to Rules 15(a)(2), 59(e), and 60(b)(6) of the Federal Rules of Civil Procedure, for "relief from the Court's Opinion and Order dated January 16, 2018 and Judgment entered on January 17, 2018." (Docket Nos. 89, 90 ("Pl.'s Br.")), at 1). In essence, Plaintiffs move for reconsideration of the Court's denial of Plaintiffs' *pro forma* request to amend their complaint, *see Friedman*, 2018 WL 446189, at *7, and for leave to file a Fourth Amended Complaint. Their proposed Fourth Amended Complaint abandons several theories of liability and adds two new securities-fraud theories: first, that Defendants misrepresented "that Par and Qualitest would operate together as equals"; and, second, that Defendants "had an affirmative disclosure obligation to apprise investors of the radical changes" that they were planning for Qualitest.

(Pl.'s Br., at 2-3). For the reasons that follow, Plaintiffs' motion is DENIED.

In general, "leave [to amend] shall be freely given when justice so requires." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008). But where, as here, "a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by considerations of finality." *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011). "A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Ruotolo*, 514 F.3d at 191. Those rules are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted). In the post-judgment context, therefore, leave to amend should be granted unless there is "any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Notably, when the moving party had an opportunity to assert the amendment earlier, but waited until after judgment before requesting leave in any robust way, "a court may exercise its discretion more exactingly." *State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990).

Here, the more exacting standard should apply, as Plaintiffs had ample opportunity to amend their complaint to address Defendants' arguments for dismissal (Docket No. 71), and they made only a "perfunctor[y] request" to do so, "in a footnote at the end of their memorandum of law in opposition to Defendants' motion." *Friedman*, 2018 WL 446189, at *7. But whether or

2

not it does, Plaintiffs' motion falls short, as their proposed amendments are futile. *See, e.g.*, *Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999) ("[A] district court may properly deny leave when amendment would be futile."). Plaintiffs' first new theory is premised on the claim that "Defendants represented that the [merger of Par and Qualitest] was a merger of equals" when they intended all along to "alter Qualitest's very successful, high-volume business model." (Docket No. 91, Ex. 1 ("Proposed FAC"), at ¶ 43). But Plaintiffs allege no statements by Defendants that would lead a reasonable investor to conclude that Defendants intended the merger of Par and Qualitest to be a merger of equals. The closest Plaintiffs come is to quote Defendant Rajiv De Silva's statement in 2015, prior to the merger, that Par and Qualitest were "very complementary businesses," with "very few overlaps." (Proposed FAC ¶¶ 45, 46). But considering those statements as a whole and in context, they are neither false nor so incomplete as to mislead a reasonable investor.

Indeed, far from promising a particular path of conduct, the statements cited in the proposed amended complaint are vague, optimistic predictions about future success (*see, e.g.*, Proposed FAC ¶ 47 ("[O]ur full intention is to make sure that we maintain the magic that both the Par teams and Qualitest[] have created . . . .")) — precisely the kinds of statements that courts have found to be inactionable puffery. *See, e.g.*, *In re Lululemon Sec. Litig.*, 14 F. Supp. 3d 553, 572 (S.D.N.Y. 2014), *aff'd*, 604 F. App'x 62 (2d Cir. 2015) ("[R]osy predictions, or statements that are loosely optimistic regarding a company's well-being, have been found to be too vague and general to be actionable." (internal quotation marks omitted)). And notably, Plaintiff's new theory is in tension, if not conflict, with the theory of their Third Amended Complaint, in which Plaintiffs relied on De Silva's statement that the acquisition of Par would allow Defendants to "reposition Qualitest," (Docket No. 72 ("TAC"), at ¶ 182) — a statement Plaintiffs omit from the

Fourth Amended Complaint. (Docket No. 91, Ex. 2, at 91). It is well established that courts are free to consider inconsistencies between an earlier pleading and a proposed amended pleading when considering whether to grant leave to amend. *See Kant v. Columbia Univ.*, No. 08-CIV-7476 (PGG), 2010 WL 807442, at *7 (S.D.N.Y. Mar. 9, 2010) (collecting cases). For all of these reasons, Plaintiffs' first new theory does not provide a basis to amend.

Plaintiffs second new theory — that "Defendants had a duty to disclose the planned radical changes at Qualitest" (Pl.'s Br. 9) — also falls short. In support of this claim, Plaintiffs cite Item 303 of Securities and Exchange Commission Regulation S-K, pursuant to which public companies are required to disclose "any known trends or uncertainties that have had or that the registrant reasonably expects will have a material favorable or unfavorable impact on net sales or revenues or income from continuing operations." 17 C.F.R. § 229.303(a)(3)(ii). But this new legal authority aside, Plaintiffs' new claim is merely a repackaged version of their central argument in the Third Amended Complaint: that Defendants had formed a secret plan, concealed from investors, to radically restructure the Qualitest business model upon its integration with Par. (*See, e.g.*, TAC ¶ 9 (alleging that "Defendants secretly planned to, among other actions, lay off key Qualitest sales executives [and] abandon Qualitest's retail and wholesale accounts business," among other changes)). The Court rejected that theory in its earlier Opinion because Plaintiffs presented no evidence that Defendant Endo International PLC ("Endo") "had a secret plan to fundamentally and drastically change Qualitest." *Friedman*, 2018 WL 446189, at *6. Instead, the Court found that Endo had explicitly "characterized the acquisition of Par as 'transformational,' and as a chance to 'reposition Qualitest,' thereby clearly signaling that changes to Qualitest were likely to occur (as most, if not all, reasonable investors would plainly have anticipated)." *Id.* (citing TAC ¶¶ 125, 157, 182).

4

Plaintiffs' proposed Fourth Amended Complaint does not affect the Court's previous analysis or conclusion. The proposed complaint is devoid of statements that "signaled to investors that Qualitest would carry on after the Par acquisition without radical changes." (Pl.'s Br. 13). Plaintiffs rely on Defendants' statements that Qualitest and Par were "very complementary businesses," that the "combination of Par and Qualitest can do a lot more than either Company could do by itself," and that "I believe the combination of Endo's Generic business and Par creates a powerful generics product." (*See* Proposed FAC ¶¶ 45-48). They characterize these statements as "signal[ing] to investors that Qualitest would carry on after the Par acquisition without radical changes." (Pl.'s Br. 13). But, considered individually or together, these statements cannot reasonably be read to create that impression. In fact, as discussed above, Defendants' statements are more properly characterized as signaling that changes to their generics business were likely following the merger of Par and Qualitest. (*See, e.g.*, Proposed FAC ¶ 43 ("De Silva repeatedly described the acquisition as 'transformational' . . . .")). Thus, even if Plaintiffs were correct that Defendants had a duty to disclose because "secret information render[ed] prior public statements materially misleading," (Pl.'s Br. 11 (quoting *In re Time Warner Inc. Sec. Litig.*, 9 F.3d 259, 268 (2d Cir. 1993)), Plaintiffs do not plausibly plead that such "secret information" ever existed.[1]

In short, because Plaintiffs' proposed Fourth Amended Complaint is futile, the Court will

---

[1] The facts underlying the second theory of the proposed Fourth Amended Complaint are also distinguishable from the facts in *Time Warner*, upon which Plaintiffs rely. In *Time Warner*, the misleading statements about the company's future business plans were "statements of existing facts, not predictions." *In re Quintel Entm't Inc. Sec. Litig.*, 72 F. Supp. 2d 283, 292 (S.D.N.Y. 1999) (distinguishing *Time Warner*). By contrast, the cited statements in this case were vague, optimistic predictions that would not have misled a reasonable investor. (*See, e.g.*, Proposed FAC at ¶ 52 ("We believe that the combination of Par and Endo's Qualitest generics business is a positive catalyst . . . .")).

not grant leave to amend.  *See Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (holding that leave to amend is "especially inappropriate" where a plaintiff's "proposed amendments [are] merely recycled versions of claims which had already fallen victim to a motion to dismiss").  Accordingly, Plaintiffs' motion for relief from the Court's judgment is DENIED.  The Clerk of Court is directed to terminate Docket No. 89.  The case remains closed.

SO ORDERED.

Date: April 27, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge